SCOTT v. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY.

1. **Instructions:** WHEN ONLY ONE DISPUTED QUESTION. When there is only one disputed question of fact in the case, there is no occasion to instruct the jury as to other matters stated in the petition and necessary to a recovery, but on which there is no dispute. (See opinion for example.)

2. ———: AS TO BURDEN OF PROOF: EQUIVALENT. In an action to recover double the value of certain calves, the jury was instructed that if the calves were worth more than sixty dollars (the amount tendered), they should return a verdict for double their value. *Held* that this was equivalent to saying that the plaintiff had the burden of proof to show that they were worth more than the amount of the tender.

3 ———: AS TO WHAT WAS PROVED: SECONDARY EVIDENCE. When copies of an affidavit and notice, and of the return of the service thereof, were attached as exhibits to the petition, and these were introduced to prove the service of those papers on defendant, and there was no other evidence on the subject, *held* that the court did not err in instructing that the plaintiff had served the affidavit and notice on defendant. The secondary evidence was sufficient in the absence of objection.

*Appeal from Sioux District Court.*—HON. SCOTT M. LADD, Judge.

FILED, JUNE 7, 1889.

THIS is an action for the recovery of double the value of four calves, the property of the plaintiff, which it is alleged were killed by one of defendant's trains while operating its road, and at a place where the defendant had a right to fence its right of way, and had failed to do so. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Geo. E. Clarke* and *Burton Hanson*, for appellant.

*William Hutchinson*, for appellee.

ROTHROCK, J.—I. The petition is in the usual form, and it is averred therein that the notice in writing and affidavit required by section 1289 of the Code were duly served on the defendant, and judgment was demanded for double the value of the animals killed. The defendant answered the petition as follows: "Comes now the defendant, and, for answer to the petition of the plaintiff filed herein, admits that it is a corporation owning and operating a railway as stated in the plaintiff's petition, and it denies each and every other allegation in said petition contained, except as hereinafter admitted. *Division Two.* It admits that on or about the eighth day of August, 1887, one of its trains ran over and killed the property described and mentioned in plaintiff's petition, at a point on defendant's line of railway where it had the right to fence, but failed so to do. Defendant further says that on or about the tenth day of September, 1887, the defendant offered and tendered to the plaintiff, for and in settlement of said damages, the sum of sixty dollars, which was the full and fair market value of the stock killed, and of the injury done, stated and referred to in plaintiff's petition. And defendant now, at the time of answering, brings said money into court, and deposits the same with the clerk in continuance of its said tender. Wherefore the defendant asks that the plaintiff take his sixty dollars, without costs, and that defendant be allowed to go hence." The plaintiff introduced several witnesses, who testified that the calves were of the value stated in the petition. The defendant proved the tender as alleged, and a number of witnesses testified in behalf of the defendant that the value of the calves did not exceed the amount tendered.

*1. INSTRUCTIONS: when only one disputed question.*

The court, in presenting the question to be determined by the jury, did not set out the petition and answer. The instructions directed the jury that defendant admitted that it killed plaintiff's calves where the

defendant had the right to fence, but failed to do so, and the only question submitted was as to the value of the calves. It is claimed in behalf of appellant that the court should have stated to the jury that the owner-ship of the calves, their character and value, whether they were running at large when killed, and whether the affidavit and notice had been served on the defend-ant, were in issue. The statement. of these questions was wholly unnecessary. The whole record shows that the only disputed question in the case was the value of the calves. While it is true the ownership was not admitted in so many words in the answer, yet the plea of tender was in law an admission that the plaintiff was the owner of the calves, and that he was entitled to recover sixty dollars therefor.

II. It is further claimed that the court erred in failing to instruct the jury that the burden of proof was on the plaintiff to prove that the calves were worth more than the amount of the tender. The jury was instructed that, if the calves were worth more than sixty. dollars, they should return a verdict for double their value. This was equivalent to an instruction that it must be found by a preponderance of the evidence that the value was more than sixty dollars, in order to authorize a verdict for double damages. The question could not have been better understood by the jury by the use of the words " burden of proof."

2. ——: as to burden of proof: equivalent.

III. It is further contended that the court erred in taking from the jury the issue as to whether the notice and affidavit were served on the defendant. The court instructed the jury that the plain-tiff served the affidavit and notice. It is claimed that there was no evidence that such service was made. The plaintiff attached to the petition copies of the affidavit and notice and return of the service. These exhibits were introduced in evidence without objection. No further proof was made. It is claimed that the papers introduced in evidence were mere copies, and no evidence whatever. It is enough.

3. ——: as to what was proved: sec-ondary evi-dence.

to say of this objection that, when the plaintiff offered the exhibits in evidence, defendant should have objected thereto. It is too late to make the objection in this court that copies were introduced in evidence instead of original papers. We find no error.

AFFIRMED.